**Patrick Garrity, Appellee, v. W. J. Newman & Company et al., on appeal of Thompson Starrett Company, Appellant.**

**Gen. No. 21,393.    (Not to be reported in full.)**

Appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Affirmed. Opinion filed December 13, 1916.

## Statement of the Case.

Action by Patrick Garrity, plaintiff, against W. J. Newman & Company *et al.*, defendants. From a judgment for plaintiff for $2,500, defendant Thompson Starrett Company appeals.

The plaintiff was engaged in emptying buckets used in digging wells for concrete piers in the basement of a building under the course of construction. While on duty in the nighttime he started to cross the basement, which was poorly lighted, to a toilet, the location of which, he, being a new employee, did not exactly know, and fell into an open well which had been dug by his employer, who after finishing it had properly covered it but which had been uncovered and so left by the servants of the defendant, the Thompson Starrett Company, another contractor engaged in erecting steel frame work on the concrete piers.

F. J. CANTY and P. L. MCARDLE, for appellant.

B. J. WELLMAN and RICHARD J. FINN, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court.

Garrity v. W. J. Newman & Co., 202 Ill. App. 194.

## Abstract of the Decision.

1.  MASTER AND SERVANT, § 537*—*what declaration need not set forth.* In an action by an employee for personal injuries sustained because of the negligence of a contractor, other than the plaintiff's employer, who was engaged in construction work on the same structure on which the plaintiff was employed, *held* that it was not necessary that the plaintiff set forth in his declaration in express words the particular principles of law which gave rise to the obligation of the defendant, but that it was enough if sufficient facts were stated from which the law would imply a duty.

2.  MASTER AND SERVANT, § 537*—*when declaration states cause of action against contractor other than plaintiff's employer.* In an action by an employee for personal injuries sustained because of the negligence of a contractor, other than the plaintiff's employer, who was engaged in construction work on the same structure on which the plaintiff was employed, the negligence consisting in the defendant's leaving uncovered wells dug in the ground, in the course of construction of concrete piers, into which the plaintiff fell, the declaration *held* to state a sufficient cause of action.

3.  MASTER AND SERVANT, § 101*—*what care is owed by a contractor to employees of another contractor.* A contractor, whose servants are engaged upon work about which the servants of another are also engaged, owes the servants of such other contractor the duty of ordinary care in prosecuting its work.

4.  MASTER AND SERVANT, § 450*—*when employee not guilty of contributory negligence.* In an action for personal injuries sustained by an employee as the result of his falling into an uncovered well in the basement of a building in which he was working, which well had been left uncovered by a contractor other than the plaintiff's employer, *held* that the plaintiff was not guilty of contributory negligence where the evidence showed that it was customary to cover such wells and that the basement was poorly lighted at the time of the accident.

5.  MASTER AND SERVANT, § 799*—*when instruction as to care of contractor towards servants of another contractor is proper.* In an action for personal injuries sustained by an employee because of the alleged negligence of a contractor, other than the plaintiff's employer, who was engaged in construction work on the same building on which the plaintiff was employed, the words in an instruction, "the servants of one contractor owe to the servants of the other contractor the duty of exercising ordinary care," *held* just as applicable where the negligence consists of the omission of an

act as they are when the negligence consists of the commission of an act.

6. Damages, § 124*—*when verdict for personal injuries not excessive.* Where a laborer suffered a serious and permanent injury involving a fracture of the right leg, as the result of which he was compelled to remain in bed six months and to use crutches for six months longer, *held* that a verdict for $2,500 was not excessive.